UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

TRAVIS K.,[1]

          Plaintiff,

    v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

          Defendant.

Case No. 1:23-00932-YY

OPINION AND ORDER

YOU, Magistrate Judge.

      Plaintiff Travis K. seeks judicial review of the final decision by the Commissioner of the

Social Security Administration ("Commissioner") denying plaintiff's application for Disability

Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-

33. This court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C.

§§ 405(g). For the reasons set forth below, the Commissioner's decision is REVERSED and this

case is REMANDED for further proceedings.

**PROCEDURAL HISTORY**

      Plaintiff protectively filed an application for disability insurance benefits on June 16,

2011, alleging a disability onset date of June 25, 2008. Tr. 101. The Commissioner denied

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of
plaintiff's last name.

plaintiff's claim on October 24, 2011. Tr. 101, 155. Plaintiff filed a second application on February 11, 2014, and the Commissioner found that application "reopen[ed] and revise[d] the determination dated October 24, 2011." Tr. 108. In a Notice of Award letter dated August 18, 2014, plaintiff was awarded a closed period of disability from June 2010 through November 2011. Tr. 159-161. Plaintiff filed for reconsideration on January 6, 2015, and the Commissioner affirmed the original determination on July 1, 2015. Tr. 124. Plaintiff filed a written request for a hearing, Tr. 173, and on August 5, 2016, the Appeals Council remanded the case for a hearing. Tr. 182.

A hearing was held before ALJ Steven De Monbreum on November 15, 2018. Tr. 128. On April 10, 2019, the ALJ issued a decision that did "not disturb [plaintiff's] previous award of benefits" and "focuse[d] solely on the disputed . . . period of disability beginning on January 1, 2012, and ending on December 31, 2013, the date last insured." Tr. 128-129. The ALJ found that plaintiff was "not under a disability . . . at any time from January 1, 2012, the administrative onset date, through December 31, 2013, the date insured." Tr. 136. That determination, however, was based on an incorrect DLI, and the Appeals Council notified plaintiff on October 23, 2020, that the correct DLI was March 31, 2017. Tr. 144-146. The Appeals Council therefore remanded the case to the ALJ to offer plaintiff a hearing to address the "significant unadjudicated period at issue" and the "cessation of . . . [plaintiff]'s disability on December 31, 2011, using the proper disability cessation regulations found at 20 C.F.R. § 404.1594." Tr. 146.

A second hearing was held before the ALJ on April 7, 2022. Tr. 32-77. On May 13, 2022, the ALJ determined that, after the last date on which plaintiff was found to be disabled, December 31, 2011, plaintiff experienced medical improvement and was not disabled within the meaning of the Act. Tr. 11-31. On May 3, 2023, the Appeals Council denied plaintiff's request

for review. Tr. 3. The ALJ's decision is therefore the Commissioner's final decision and subject

to review by this court. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210.

This court's review is limited to the relevant period of January 1, 2012, to March 31,

2017.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on proper

legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C.

§ 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence

that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a

specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir.

2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). This court may not

substitute its judgment for that of the Commissioner when the evidence can reasonably support

either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).

Instead, where the evidence is susceptible to more than one rational interpretation, the

Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from

the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see

also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS

Disability is the "inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death

or which has lasted or can be expected to last for a continuous period of not less than 12

months." 42 U.S.C. § 423(d)(1)(A). Under Title II of the Act, determination of whether a

person's eligibility for disability benefits has ended involves an eight-step sequential evaluation

process. 20 C.F.R. §§ 404.1594(f)(1)-(8). The continuing disability review process is similar to

the five-step sequential evaluation used to evaluate initial claims "with additional attention as to

whether there has been medical improvement." *Lamb v. Kijakazi*, No. 1:21-CV-01636-HBK,

2023 WL 6442626, at *2 (E.D. Cal. Oct. 3, 2023) (comparing 20 C.F.R. § 404.1520 with §

404.1594(f)).

      The first step asks whether the claimant is presently engaging in substantial gainful

activity ("SGA"). 20 C.F.R. § 404.1594(f)(1). If so, the disability will be found to have ended.

*Id.* If the claimant is not engaging in SGA, the analysis proceeds to step two.

      The second step asks whether the claimant has an impairment or combination of

impairments that meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix

1. If a listing is met, the claimant continues to be disabled. If not, the analysis proceeds to step

three.

      The third step asks whether there has been medical improvement in the claimant's

condition and requires the ALJ to compare the severity of the claimant's medical impairments at

the time of the most recent favorable medical decision—commonly known as the "comparison

point decision" or CPD—with the severity of the claimant's current medical impairments. 20

C.F.R. §§ 404.1594(f)(3), 404.1594(2)(7); *see also* DI 28010.020 Comparison Point Decision

(CPD), SSA POMS DI 28010.020 ("[t]he CPD is the most recent favorable medical decision that

the individual was disabled or continued to be disabled"). Medical improvement is "any decrease

in the medical severity of [the] impairment(s) which was present at the time of the most recent

favorable medical decision that [the claimant was] disabled[.]" 20 C.F.R. § 404.1594(c)(1). If

there has been medical improvement, the analysis proceeds to step four, and if medical

improvement has not occurred, the analysis skips to step five. *Id.* § 404.1594(f)(3).

4 – OPINION AND ORDER

The fourth step asks whether the medical improvement is related to the claimant's ability to work—*i.e.*, the claimant's residual functional capacity ("RFC"). If so, the analysis skips to step six. If not, the analysis proceeds to step five. *Id.* § 404.1594(f)(4).

The fifth step asks whether any of the exceptions to medical improvement apply. If no exceptions apply, the claimant will be found to still be disabled. If an exception applies, the analysis proceeds to step six. *Id.* § 404.1594(f)(5).

The six step asks whether the claimant's current impairments in combination are "severe"—*i.e.*, whether the impairments impose more than a minimal limitation on the claimant's physical or mental ability to perform basic work activities. *Id.* § 404.1594(f)(6). If not, the claimant's disability will be found to have ended.

The seventh step asks whether the claimant can perform past relevant work. If so, the claimant's disability will be found to have ended. If not, the analysis proceeds to step eight. *Id.* § 404.1594(f)(7).

The eighth step asks whether, considering the claimant's RFC, age, and past work experience, the claimant is able to do other work in the national economy. If so, the claimant's disability will be found to have ended. If not, the claimant will be found to continue to be disabled. *Id.* § 404.1594(f)(8).

## ALJ FINDINGS

At step one, the ALJ found that plaintiff had not engaged in SGA since his disability ended on December 31, 2011. Tr. 16.

At step two, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled a listing. Tr. 17.

At step three, the ALJ identified August 18, 2014, as the CPD, Tr. 16, and found medical improvement had occurred as of January 1, 2012. Tr. 19.

At step four, the ALJ found plaintiff's medical improvement was related to his ability to perform work. Tr. 23. Step five was therefore inapplicable, and the ALJ proceeded to step six.

At step six, the ALJ determined that since January 1, 2012, plaintiff had the following medically determinable impairments: "status-post left knee derangement; asthma; depression; anxiety; post-traumatic stress disorder (PTSD)." Tr. 17. The ALJ determined that plaintiff's impairments were "severe" as they significantly limit the ability to perform basic work activities. Tr. 17. The ALJ proceeded to assess plaintiff's RFC based on his impairments since January 1, 2012, before addressing steps seven and eight. The ALJ determined that plaintiff could perform a range of light work with particular postural and mental limitations. Tr. 19.

At step seven, the ALJ determined that plaintiff has been unable to perform past relevant work. Tr. 23.

At step eight, the ALJ determined that, since January 1, 2012, and considering plaintiff's age, education, work experience, and RFC, plaintiff could perform jobs that exist in significant numbers in the national economy, including laundry worker, marker, and router. Tr. 24. The ALJ therefore concluded plaintiff's disability ended on December 31, 2011, and that plaintiff had not become disabled again after that date. Tr. 24.

## DISCUSSION

Plaintiff challenges the ALJ's findings at step three and claims that the ALJ utilized "a wrong comparison date and wrong comparison RFC" to determine medical improvement. Pl. Br. 7. Plaintiff also challenges the ALJ's RFC determination prior to steps seven and eight. Pl. Br. 8-

9. Plaintiff argues that the ALJ's decision contains "legal error" and asks the court to remand for immediate payment of benefits. Pl. Br. 9-11.

Defendant concedes that "the ALJ made a legal error," but describes the ALJ's mistake in different terms. Def. Br. 2 (noting the ALJ "misunderstood the reason that [p]laintiff was previously found disabled, causing error in the analysis of whether [p]laintiff's disability ceased"). Defendant opposes plaintiff's request for an award of benefits, stating that the proper remedy is to "remand for further consideration of whether there has been medical improvement and the cessation of disability." Def. Br. 2.

The court agrees that the ALJ failed to make the proper comparison at step three. The court finds that remand is the proper remedy and that it unnecessary to reach plaintiff's other arguments.

## I.    Step Three Error

At step three of a continuing disability analysis, an ALJ is required to determine whether there has been "medical improvement" in the claimant's condition. 20 C.F.R. § 404.1594(f)(3). "Medical improvement" is defined as "any decrease in the medical severity of [a claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [the claimant was] disabled[,]" *id.* § 404.1594(b)(1), and requires "a comparison of prior and current medical evidence which must show that there have been changes (improvements) in the symptoms, signs or laboratory findings associated with that impairment." *Id.* § 404.1594(c)(1).

The Ninth Circuit has explained that "this comparison is straightforward in ordinary termination cases where the ALJ finds a claimant is disabled . . . in one decision and, in a later decision, finds the claimant has medically improved." *Attmore v. Colvin*, 827 F.3d 872, 876 (9th Cir. 2016). In those cases, "the 'most recent favorable medical decision' is the earlier decision,

and the severity of the claimant's impairment at the time of that decision provides the relevant baseline for comparison." *Id.* In a "closed period" case—that is, where "the ALJ made its findings of disability and medical improvement in a single decision [and] there was no 'most recent favorable decision'"—the "analogous baseline is the medical evidence used to determine that the claimant was disabled." *Id.* Thus, the Ninth Circuit has held that "in closed period cases, the ALJ should compare the medical evidence used to determine the claimant was disabled with the medical evidence existing at the time of possible medical improvement." *Id.*

Here, in this closed period case, the ALJ did not compare plaintiff's current medical records with the medical evidence that was used to determine that plaintiff was disabled from June 25, 2008, through December 31, 2011. Instead, the ALJ determined that plaintiff has had the RFC to perform "light work" with limitations since January 1, 2012, Tr. 19-23, and then compared that RFC with plaintiff's RFC from a June 2014 Disability Determination Explanation ("DDE"). Tr. 12. The problem, however, is that the RFC from the June 2014 DDE, did not support the Commissioner's finding of disability from June 2008 to December 2011; rather, the RFC determination cited by the ALJ found that *after* December 31, 2011, plaintiff had "improved enough to sustain a medium RFC with moderate MH limitations." Tr. 112, 116-117. To add more confusion, the ALJ determined that "the [RFC] [plaintiff] had since January 1, 2012"—finding plaintiff capable of "light" work—"is *less restrictive* than the one [plaintiff] had at the time of the CPD [or comparison point decision]"—which, as cited by the ALJ, found plaintiff capable of "medium" work. Tr. 23 (emphasis added). In sum, the ALJ failed to conduct the comparison required by 20 C.F.R. § 414.1594(f)(1)-(8), which is to "compare the medical evidence used to determine that [plaintiff] was disabled with the medical evidence existing at the time of possible medical improvement." *Attmore*, 827 F.3d at 876.

An ALJ's "failure to compare prior to current medical evidence is not harmless." *Medina v. Colvin*, No. 14-CV-01967-DMR, 2015 WL 5448498, at *12 (N.D. Cal. Aug. 21, 2015). As the court noted in *Medina*, "an ALJ may not move to the evaluation of a claimant's RFC without first finding medical improvement, and the Act does not authorize an ALJ to find medical improvement without making the comparison of prior and current medical evidence." *Id.*; *see also*, *Benjamin O. v. Kijakazi*, No. 1:21-CV-00403-CWD, 2022 WL 17539120, at *6 (D. Idaho Dec. 8, 2022) (noting that, "[b]y failing to conduct the required comparative analysis [at step three] and without evidence in support, the ALJ's finding that medical improvement occurred is legally insufficient" and "not harmless").

Because the parties agree that the ALJ erred at step three, the only remaining issue is whether to remand for further proceedings, as defendant argues, Def. Br. 2, or to reverse and remand for either an immediate entry of benefits or rehearing, as plaintiff argues. Pl. Br. 9-11.

## II.    Remedy

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *Benecke v. Barnhart*, 379 F.3d 587, 590 (9th Cir. 2004) (noting that "[t]he decision to remand to the SSA for further proceedings instead of for an immediate award of benefits is reviewed for abuse of discretion"); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). However, a court may not remand for the immediate award of benefits "unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407–08 (9th Cir. 2015), *as amended* (Feb. 5, 2016). The court "must first determine that the ALJ made a legal error, . . . [and] [i]f the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Id.* (simplified). If the court determines the record "has been

fully developed . . . and there are no outstanding issues left to be resolved, the district court must next consider whether the ALJ would be required to find plaintiff disabled on remand if the improperly discredited evidence were credited as true." *Id*. at 407 (simplified). The Ninth Circuit has emphasized that it is only "rare circumstances that result in a direct award of benefits" and "only when the record clearly contradict[s] an ALJ's conclusory findings and no substantial evidence within the record support[s] the reasons provided by the ALJ for denial of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1047 (9th Cir. 2017).

Here, plaintiff argues that his "case should be paid" because he is a "decorated military veteran," "this case is thirteen years old," this case has been "a bureaucratic nightmare," and plaintiff's PTSD symptoms have worsened over time. Pl. Br. 10-11. Although the court is sympathetic to those arguments and the undisputed PTSD that plaintiff suffered from his combat duty with the U.S. Marines from 1997-2001, Tr. 603, plaintiff's arguments provide no grounds for the immediate award of benefits. *See Dominguez*, 808 F.3d at 407. Additionally, plaintiff has not demonstrated that the record has been "fully developed" or that all "essential factual issues have been resolved." *See id.* Finally, it is not apparent that the record "clearly contradicts" the ALJ's findings. *See Leon*, 880 F.3d at 1047 (simplified). Therefore, the court is "preclude[d] . . . from remanding . . . for an award of benefits[.]" *Id.*; *see also Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) ("[w]here . . .an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency"); *Benecke*, 379 F.3d at 595-96 ("where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the records that the ALJ would be required to find a claimant disabled if all evidence were properly considered, remand for further proceedings is appropriate").

On remand, the ALJ is required to conduct a hearing. *See* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment . . . reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."); *see also Adams v. Comm'r, Soc. Sec. Admin.*, No. CV07-01188-PHX-NVW, 2008 WL 1746288, at *11 (D. Ariz. Apr. 14, 2008) (finding, in a closed period case, that the ALJ "made clear errors[,]" and deciding that "the court will exercise its discretion to remand the case for additional evidence and rehearing[,]" and requiring the ALJ to "develop the record to determine whether the disability ended and, if so, when it ended") (citations omitted); *Joshua K. v. Berryhill*, No. 3:17-CV-01729-SI, 2018 WL 6618375, at *5 (D. Or. Dec. 18, 2018) (finding that the ALJ, "[o]n remand, . . . should hold a de novo hearing and further consider the medical opinion[s] . . . reformulate [the p]laintiff's residual functional capacity, and obtain new vocational expert testimony"). At the new hearing, the ALJ shall allow plaintiff to present evidence, including his testimony, and the ALJ shall "compare the medical evidence used to determine [plaintiff] was disabled with the medical evidence existing at the time of possible medical improvement." *See Attmore*, 827 F.3d 876. The ALJ must "make the appropriate comparison," *id.*, and determine whether there has been "'any decrease in the medical severity'" of plaintiff's impairments based on his medical records and testimony. *Id.* (citing 20 C.F.R. § 404.1594(b)(1)).

## ORDER

The Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

DATED September 20, 2024.

                                                   /s/ Youlee Yim You

                                               Youlee Yim You
                                               United States Magistrate Judge